UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAMONT JOHNSON | CIVIL ACTION NO. 05-0286 |
| versus | JUDGE HICKS |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

A man kicked in the front door of a home where two women and two small children were present. The man bound and blindfolded the two women, and placed them in different rooms. He then repeatedly raped both women at gunpoint. A roommate returned home from work and observed the man sleeping and pointing a gun at one of the bound women. The roommate called the police. When an officer arrived, the man fled through a window. Evidence led police to Lamont Johnson ("Petitioner"). He gave police a statement that contained two versions of the incident, both of which placed him at the scene of the crime but denied the rapes.

A Caddo Parish jury convicted Petitioner of two counts of aggravated rape. The trial court imposed the mandatory life sentence on each count and ordered that they be served consecutively. The convictions and sentences were affirmed on direct appeal. State v. Johnson, 778 So.2d 706 (La. App. 2d Cir. 2001), writ denied, 810 So.2d 1153 (La. 3/8/02). Petitioner later pursued other claims on a post-conviction application. He then filed this

action seeking federal habeas corpus relief on nine asserted errors. It is recommended, for the reasons that follow, that the petition be denied as untimely.

**Timeliness Calculations**

The state has asserted a timeliness defense to the federal petition. A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first task, then, is to determine the date on which Petitioner’s conviction became final after direct review.

Petitioner challenged his conviction on direct appeal. After the intermediate appellate court denied relief, Petitioner filed an application for a discretionary writ to the Supreme Court of Louisiana, which denied the application on March 8, 2002. Tr.1093. Petitioner did not file a petition for certiorari to the United States Supreme Court. In these circumstances, Petitioner's conviction is deemed final and commences the running of the federal limitations period when the 90-day period for filing a petition for certiorari to the Supreme Court expires. Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004); Wilson v. Cain, 2006 WL 3759686 (W.D. La. 2006). Thus, Petitioner's conviction became final for federal habeas purposes on Thursday, June 6, 2002, which was 90 days after the Supreme Court of Louisiana’s March 8, 2002 writ denial.

The federal limitations clock began to tick on June 6, 2002, and it ran until Petitioner filed in the state court an application for post-conviction relief. 28 U.S.C. § 2244(d)(2) (a properly filed post-conviction application tolls the federal limitations period while it is pending). All time that passed during the interim between finality of the conviction and the filing of the post-conviction application is counted against the one-year period. Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998). The filing of the post-conviction application does not restart the one-year period. Its effect is that the time during which it is pending is excluded from the one-year calculation. See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004).

A Louisiana prisoner's *pro se* post-conviction application is deemed "filed" when he delivers it to prison authorities for forwarding to the court. LeBeuf v. Cooper, 2007 WL 1010296 (5th Cir. 2007) ("We have extended the mailbox rule to determine the filing dates for Louisiana post-conviction relief PCR applications."), citing Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). Petitioner's post-conviction application is stamped filed on October 14, 2002, but it was signed and notarized on October 8, 2002. Tr. 1094, 1099 and 1100. Petitioner could not have mailed the application before he signed it. The court will give Petitioner the benefit of the doubt and assume that he tendered his application to prison officials for mailing on the day he signed the application.

Between the finality of the conviction on June 6, 2002 and the filing of the post-conviction application on October 8, 2002, 124 days expired from the federal limitations period. That left Petitioner 241 days to file a federal petition once the tolling effect ceased.

The trial court denied the post-conviction application on December 20, 2002. Tr. 1137-40. Under Louisiana's Uniform Rules of Courts of Appeal ("URCA") 4-3, Petitioner had 30 days to file an application for a supervisory writ with the Second Circuit Court of Appeal.[1] Petitioner's 30-day deadline would expire on January 19, 2003. That day was a Sunday. The day that followed was Presidents Day and, although the state courts may not observe the holiday, the court will give Petitioner the benefit of the doubt and calculate that the due date for his writ application was Tuesday, January 21, 2003.

Petitioner did not file his writ application with the appellate court until several weeks after his deadline. The application was signed April 3, 2003. Tr. 1141, 1144. The court will assume that the application was deemed filed by a mailbox rule or URCA 2-13 on the same date it was signed. Between the January 21, 2003 due date and the April 3, 2003 filing date,

---

[1] URCA 4-3 actually contemplates that the party who seeks a writ will first request that the trial court judge fix a "return date" for filing the application. The rule provides that the return date shall not exceed 30 days from the date of the ruling at issue. Observation of the many state court records that come before this court on habeas review, and specific inquiry of officials at the Second Circuit Court of Appeal, confirm that the local appellate court's practice or policy in prisoner post-conviction litigation is that the prisoner is not required to seek a return date. Rather, the prisoner simply files his writ application with the appellate court within 30 days of the ruling at issue. It is almost unheard of for a record that comes before this court from the Second Circuit Court of Appeal to include an order fixing a return date in a prisoner post-conviction proceeding.

72 days passed. The state appellate court denied the writ application with reasons. It did not base its denial upon untimeliness. Rather, it noted lack of merit or procedural defenses other than timeliness. Tr. 1184-85.

The Fifth Circuit has held that the days between the expiration of the time for timely filing for an application for supervisory writ and the day an untimely application is actually filed, even if the appellate court addresses the merits of the application, are not included in determining the tolling effect of a post-conviction application. Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001). There is nothing in this record to suggest that there was any order extending or fixing a return date to a time later than the 30-day period provided by the rule, nor is there any suggestion that Petitioner ever moved for such relief. See footnote 1, infra, regarding the local practice concerning return dates. Thus, this case is governed by Melancon and not by the distinct situations presented in Dixon v. Cain, 316 F.3d 553 (5th Cir. 2003) and Grillette v. Warden, 372 F.3d 765 (5th Cir. 2004). The 72 days of untolled time that expired because of Petitioner's untimeliness with respect to his writ application, when added to the 124 days that already expired, totals 196 days expired to this point.

Petitioner timely applied for writs to the Supreme Court of Louisiana, which denied the application on June 18, 2004. Tr. 1240. The U.S. Supreme Court recently held that the filing of a petition for certiorari after the state's high court denies a post-conviction application does *not* continue the tolling effect of the application. Lawrence v. Florida, 127 S.Ct. 1079 (2007). The Fifth Circuit had already held that the 90 days during which a state

habeas petitioner might petition the United States Supreme Court (if, as in this case, no petition were filed) is not included in determining the time that a post-conviction application tolls the federal limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999). Lawrence reinforces that holding. The 90-day certiorari period is counted when determining when a conviction is final (as discussed above), but differences in statutory language, as discussed in Lawrence, exclude the 90-day period from determining the tolling effect of a post-conviction application.

Thus, with 196 days already expired, the federal clock began to run again on June 18, 2004 when the Supreme Court of Louisiana denied an application for a discretionary writ with respect to the post-conviction application. Petitioner's next action was to file his federal petition with this court, which was received by the clerk of court on February 14, 2005. The federal petition also benefits from a prisoner mailbox rule that deems the federal petition filed when the prisoner tenders it to prison officials for mailing to the district court. Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998). The mailbox rule applies even if the prisoner, as did Petitioner, fails to include the required filing fee with his petition when it is turned over for mailing. Id. at 377.

Petitioner did not date his signature at either of the places where he affixed it to his petition, but the envelope delivered to this court bears a “NOT CENSORED” message stamped by prison officials on February 9, 2005 and a USPS postmark bearing that same date. The state squarely raised the limitations defense in its response to the petition.

Petitioner had the opportunity under the scheduling order to file a reply or traverse, but he filed nothing then or before to suggest that he tendered the petition to prison officials on any other date.

A total of 236 days passed between June 18, 2004 (Supreme Court of Louisiana denied writ application on PCA) and February 9, 2005 (federal petition postmarked). When those days are added to the 196 days that expired earlier, a total of 432 untolled days passed between the finality of Petitioner's conviction and the postmarking of his federal habeas petition. Thus, the federal petition was postmarked approximately 67 days after the one-year limitations period expired. There is no suggestion in the record that Petitioner tendered his petition to prison officials for mailing more than 67 days prior to the item being postmarked. Accordingly, the petition is time-barred. Petitioner has not urged any other grounds for tolling.

Accordingly;

**IT IS RECOMMENDED** that the **Petition for Writ of Habeas Corpus** be **denied as untimely** and that Petitioner's complaint be **dismissed with prejudice**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of August, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE